IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1999 SESSION

FILED

September 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9810-CR-00439 |
| Appellee, | ) | |
| | ) | WILSON COUNTY |
| VS. | ) | |
| | ) | HON. JAMES O. BOND, |
| GLYNNON BRADSHAW, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Statutory Rape - Sentencing) |

FOR THE APPELLANT:

FRANK LANNOM
BRODY N. KANE
102 East Main Street
Lebanon, TN 37087

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

LUCIAN D. GEISE
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

TOM P. THOMPSON, JR.
District Attorney General

ROBERT N. HIBBETT
Assistant District Attorney General
119 South College Street
Lebanon, TN 37087-3609

OPINION FILED: _____

AFFIRMED AS MODIFIED

JOE G. RILEY, JUDGE

# O P I N I O N

Defendant, Glynnon Bradshaw, entered a plea of guilty to statutory rape in the Criminal Court of Wilson County. The length and manner of service of the sentence were left to the discretion of the trial court. After a sentencing hearing, the trial court sentenced the defendant to two years as a Range I standard offender with the requirement that he serve one year in split confinement followed by supervised probation. On appeal, defendant contends

1. the length of his sentence is excessive; and

2. one year of split confinement is more onerous than a two-year sentence ordered to be served in confinement.

We agree with defendant's second contention and modify the term of split confinement to six months.

## PROCEDURAL HISTORY AND FACTS

Defendant was charged in a one-count indictment alleging statutory rape and pled guilty as charged. The trial court conducted a sentencing hearing in order to determine the length and manner of service of the sentence. Although the sentencing hearing transcript is a part of the record, the transcript of the guilty plea hearing is not.

According to the pre-sentence report, the 14-year-old female victim of this statutory rape and a 12-year-old female had been given marijuana and alcohol and vaginally penetrated. The defendant and Jenadiah Barnes were charged in connection with the incident. The defendant was only charged with the statutory rape of the 14-year-old victim, whereas Barnes was charged with regard to the 12-year-old female.

The only person to testify at the sentencing hearing was the probation officer.

The probation officer testified as to defendant's prior adult convictions for the traffic offense of failing to use a proper child restraint and the unlawful possession of intoxicating liquor by a person under 21 years of age. The defendant also had juvenile adjudications for the casual exchange of a controlled substance and the unlawful possession of intoxicating liquors by a person under 21 years of age. The probation officer also testified about the defendant's employment history, education, cooperative attitude and conduct since the offense. There was no testimony concerning the facts surrounding the offense. The defendant did not testify.

The trial court found that no mitigating factors applied. The trial court, however, applied the following enhancement factors: (1) defendant had a previous history of criminal convictions or criminal behavior; (2) defendant was a leader in the commission of an offense involving two or more criminal actors; and (3) the offense involved more than one victim. *See* Tenn. Code Ann. § 40-35-114(1), (2), (3). The trial court imposed the maximum two-year sentence and ordered the defendant to serve one year in split confinement followed by supervised probation.

## STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

## LENGTH OF SENTENCE
### A. Enhancement Factors
Defendant contends the trial court improperly applied the enhancement

3

factors. As to defendant's previous criminal history and convictions, the trial court properly considered the two adult misdemeanor convictions. However, the two juvenile adjudications were improperly considered. For offenses committed after July 1, 1995, juvenile adjudications may only be considered if they qualify under Tenn. Code Ann. § 40-35-114(20). State v. William Jason McMahan, C.C.A. No. 03C01-9707-CR-00262, Knox County (Tenn. Crim. App. filed March 31, 1999, at Knoxville). Only juvenile adjudications that would constitute a felony if committed by an adult may be considered under Tenn. Code Ann. § 40-35-114(20). Neither of the two juvenile adjudications would be a felony if committed by an adult.

Defendant asserts the trial court improperly applied the remaining two enhancement factors; namely, (1) the defendant was the leader in the commission of the offense; and (2) the offense involved more than one victim. *See* Tenn. Code Ann. § 40-35-114(2), (3). The applicability of these enhancement factors depends upon the facts and circumstances of the offense. Although the pre-sentence report is in the record, the transcript of the guilty plea is not. Facts concerning the offense were in all probability stated at the time of the plea. *See* Tenn. R. Crim. P. 11(f). We "will not speculate what the missing portions of the record may or may not reveal." State v. Ricky Dale Keen, C.C.A. No. 01C01-9802-CR-00074, Sumner County, slip op. at 4 (Tenn. Crim. App. filed January 19, 1999, at Knoxville), *perm. to app. denied* (Tenn. June 21, 1999). We must presume that the absent transcript would have supported the trial court's determination. *Id.* at 3; State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Thus, defendant's assertion that the two enhancement factors were improperly applied is without merit.

### B. Mitigating Factors

Defendant also asserts the trial court should have considered the following mitigating factors: (1) the lack of a significant criminal history; (2) failure to commit criminal acts since the commission of this offense; and (3) cooperation with the police department. Based upon the record, we find no error in the trial court's

4

rejection of these alleged mitigating factors.

We conclude the length of the sentence is proper even though the trial court improperly considered the two juvenile adjudications.

## SPLIT CONFINEMENT

Defendant contends the trial court erred by imposing one year of split confinement for a two-year sentence. Specifically, he alleges the one year of split confinement is more onerous than a flat two-year sentence ordered to be served in confinement. We agree with defendant's contention.

We recognize that a defendant receiving probation may ordinarily be required to serve up to one year in the local jail in continuous confinement followed by probation. Tenn. Code Ann. § 40-35-306(a). However, inmates with felony sentences of two years or less "shall have the remainder of their original sentence suspended upon reaching their release eligibility date" unless the district attorney general files a petition requesting denial and establishes at a hearing that defendant committed disciplinary violations while in the institution. Tenn. Code Ann. § 40-35-501(a)(3), (6). This Court has previously ruled that the period of time ordered to be served in split confinement may not exceed the defendant's release eligibility date. State v. John W. Hill, C.C.A. No. 01C01-9802-CC-00072, Franklin County (Tenn. Crim. App. filed February 25, 1999, at Nashville). The release eligibility date for a Range I standard offender receiving a two-year sentence is 7.2 months less certain sentence credits. Tenn. Code Ann. § 40-35-501(c).

Based upon the foregoing, the length of defendant's split confinement for the two-year sentence may not exceed 7.2 months less certain credits. Accordingly, we set the length of split confinement at six months.

5

## CONCLUSION

The sentence of the trial court is **MODIFIED** to reflect six months to be served in split confinement.  The sentence is **AFFIRMED** in all other respects.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**THOMAS T. WOODALL, JUDGE**

_____
**L. T. LAFFERTY, SENIOR JUDGE**